1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODRIC P. STANLEY,

          Plaintiff,

     v.

SHIFFER, et al.,

          Defendants.

Case No.  24-cv-04282-JD

**ORDER RE SERVICE**

Plaintiff, a detainee of uncertain custodial status, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

1  face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

2  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

3  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

4  should assume their veracity and then determine whether they plausibly give rise to an entitlement

5  to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

7  the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

8  committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

9      **LEGAL CLAIMS**

10      Plaintiff alleges that he was the victim of excessive force.  The Due Process Clause of the

11  Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive

12  force that amounts to punishment.  *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell*

13  *v. Wolfish*, 441 U.S. 520, 535-39 (1979)).  To prove an excessive force claim under Section 1983,

14  a pretrial detainee must show only that the "force purposely or knowingly used against him was

15  objectively unreasonable."  *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).  "A court must

16  make this determination from the perspective of a reasonable officer on the scene, including what

17  the officer knew at the time, not with the 20/20 vision of hindsight."  *Id*.  "A court (judge or jury)

18  cannot apply this standard mechanically."  *Id*.  "[O]bjective reasonableness turns on the 'facts and

19  circumstances of each particular case.'"  *Id*. (quoting *Graham v. Connor*, 490 U.S. at 396).

20      A non-exhaustive list of considerations that may bear on the reasonableness of the force

21  used include "the relationship between the need for the use of force and the amount of force used;

22  the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount

23  of force; the severity of the security problem at issue; the threat reasonably perceived by the

24  officer; and whether the plaintiff was actively resisting."  *Kingsley*, 135 S. Ct. at 2473.

25      Because the *Kingsley* standard applicable to excessive force claims by pretrial detainees is

26  purely objective, it does not matter whether the defendant understood that the force used was

27  excessive or intended it to be excessive.  *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th

28  Cir. 2016) (en banc).  A pretrial detainee can prevail by providing "'*objective* evidence that the

United States District Court
Northern District of California

2

challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.'" *Id*. (quoting *Kingsley*, 135 S. Ct. at 2473-74)) (emphasis in original).

Plaintiff alleges that on June 23, 2024, he observed defendant deputy Button, Shiffer and others enter his housing unit and leave with several bags containing his personal property, including legal materials, that were then thrown into the garbage. Plaintiff voiced his concerns and Shiffer told him to file a grievance. Shiffer then told plaintiff to turn around and Shiffer forcefully handcuffed plaintiff and took plaintiff to his cell. Plaintiff was told to drop to his knees but before he could get down, his legs were knocked out from under him, and he landed on his face. Shiffer, Button and others put their body weight on plaintiff. Shiffer placed his knee on plaintiff's left shoulder while someone else grabbed his legs. Shiffer then applied a wrist lock and forcibly pulled plaintiff's arms up injuring his shoulder. Plaintiff was not resisting during this incident and suffered injuries to his wrists, lower back and knee. Liberally construed, plaintiff states a claim for excessive force against Shiffer and Button.

To the extent plaintiff seeks to raise a claim regarding the destruction of his legal materials, he only presents a few allegations. He may file an amended complaint demonstrating how defendants violated his rights. Once defendants waive service or are served, and counsel for them appears, this Court will determine if this case will be referred for mediation to the Northern District of California Pro Se Prisoner Mediation Program. Plaintiff has another case preparing for trial and a joint conference with that case may be appropriate. *See Stanley v. McClay*, 21-cv-4496 JD.

## CONCLUSION

1.      The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the complaint (Dkt. No. 1) with attachments and copies of this order on Deputy Shiffer and Deputy Button at Martinez Detention Facility. The remaining defendants and claims are dismissed with leave to amend.

2.      All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to

defendants or defendants' counsel.

       3.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       **IT IS SO ORDERED.**

Dated: August 26, 2024

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

4